IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THOMAS E. PEREZ, Secretary of Labor**<br>United States Department of Labor<br>200 Constitution Avenue, NW Room N-4611<br>Washington, DC 20210 | Civil Action No.<br>16-cv-120-RBW |
| **Plaintiff,** | |
| v. | |
| **ROBERT L. ROACH, JR.**<br>5204 Kenstan Dr.<br>Temple Hills, MD 20748 | |
| **WARREN L. MART**<br>655 Maybrook Dr.<br>Huntingtown, MD 20639-3923 | |
| **BURTON C. TREBOUR**<br>53 Fairway Blvd.<br>Jamesburg, NJ 08831-2711 | |
| **ALFRED C. NELSON**<br>2550 Blue Ridge Ave.<br>Cocoa, FL 32926-7405 | |
| **LYNN D. TUCKER, JR.**<br>6646 Fountains Blvd. Apt. 11<br>West Chester, OH 45069-6112 | |
| **PHILIP J. GRUBER**<br>12922 Tipperary Lane<br>Plainfield, IL 60585-2835 | |

**GARY R. ALLEN**
189 Oxleigh Way
Folsom, CA 95630-8410

**ROBERT G. MARTINEZ, JR.**
7817 Bursey Ct.
North Richland Hills, TX 76182-8731

**THOMAS W. CONNERY**
23 Applethorn Ct.
Colts Neck, NJ 07722-2016

and

**THE NATIONAL PENSION PLAN A/K/A THE IAM
NATIONAL PENSION FUND**
1300 CONNECTICUT AVE., N.W., SUITE 300
WASHINGTON, D.C. 20036

**Defendants.**

## CONSENT JUDGMENT AND ORDER

Plaintiff Thomas E. Perez, Secretary of the United States Department of Labor

(the "Secretary"), Defendants Robert L. Roach, Jr.; Warren L. Mart; Burton C. Trebour;

Alfred C. Nelson; Lynn D. Tucker, Jr.; Philip J. Gruber; Gary R. Allen; Robert G.

Martinez, Jr.; Thomas W. Connery (hereinafter collectively referred to as the "Individual

Defendants"), and Defendant National Pension Plan a/k/a the IAM National Pension

Fund (hereinafter referred to as the "Defendant Fund" or "Fund"), by and through their

respective attorneys, have negotiated an agreement to settle all claims and issues between

them in this action, and each consents to the entry of this Consent Judgment and Order

(hereinafter, "Order") by the Court as the sole and complete memorialization of the terms

of such agreement.

2

1.      This action was filed by the Secretary pursuant to his authority under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1491, as amended.  The Secretary's Complaint alleges that certain actions that occurred between 2007 and 2013 violated the Individual Defendants' fiduciary obligations to the Fund, in violation of ERISA, and by those actions, the Complaint alleges, the Individual Defendants committed violations, or knowingly participated in violations, of ERISA's fundamental fiduciary duties of loyalty and prudence in alleged violation of ERISA §§ 404(a)(1)(A), (B), and (D), 29 U.S.C. §§ 1104(a)(1)(A), (B), and (D), and alleged prohibited transactions in violation of ERISA §§ 406(b)(1), (2), and (3), 29 U.S.C. §§ 1106(b)(1), (2), and (3).

2.      By agreeing to the entry of this Order, Defendants neither admit nor deny the allegations of the Secretary's Complaint.  Defendants admit that the Court has jurisdiction over the parties and the subject matter of this action.

3.      The Secretary and Defendants expressly waive Findings of Fact and Conclusions of Law and consent to the entry of this Order as a full and complete resolution of all of the civil claims and issues raised in the Complaint without trial or adjudication of any issue of fact or law raised in the Complaint.

Accordingly, it is **ORDERED, ADJUDGED AND DECREED** that:

## I. JURISDICTION

The Court has jurisdiction over the parties to this Order and the subject matter of this action and is empowered to provide the relief herein.

## II. PROCEDURES AND CONTROLS

A.   Henry C. Eickelberg; Phillip J. Gruber; Thomas W. Connery; Brian Bryant; Steven P. Jones; Gary R. Allen; Samantha ("Sam") J. Marnick; Sito Pantoja; David Leib; and James Conigliaro (hereinafter collectively referred to as the "Trustees"), are the current members of the National Pension Plan a/k/a the IAM National Pension Fund's ("the Fund") Board of Trustees. The Trustees, by their signatures hereon, agree on behalf of themselves and the Fund to follow the terms and conditions of this Order, including executing the provisions of this Order relating to the Fund and carrying out all provisions of this Order on behalf of the Fund.

B.   Within thirty (30) days of the entry of this Order, the Fund, through its Trustees, shall adopt the IAM National Pension Fund Investment Manager and Investment Consultant Selection Policy (hereinafter referred to as the "Manager and Consultant Selection Policy") attached hereto as Exhibit A and incorporated herein by reference. The Fund and the Trustees shall continue to comply with the Manager and Consultant Selection Policy substantially in the form set forth in Exhibit A when hiring an investment manager or an investment consultant for the Fund. Under the Manager and Consultant Selection Policy, the Fund and the Trustees shall use a three-part process for selecting a new or previously-engaged investment manager or investment consultant, or will document the Trustees' reasons for departing from that process, including an explanation of why such departure is prudent under the circumstances and in the best interest of the participants and beneficiaries.

C.   The Fund, through its Trustees, resolved to form a Subcommittee to oversee a search process for the Fund's general investment consultant position. That position with the Fund is currently held by Graystone Consulting ("Graystone").

4

Graystone's current contract with the Fund expires in September 2016 and will not be amended or extended beyond December 31, 2016. The employer Trustees and union Trustees each have appointed two members from their respective sides to this Subcommittee. The Subcommittee shall comply with the Manager and Consultant Selection Policy in making recommendations to the Trustees on the selection of an independent search consultant to conduct a search for the Fund's general investment consultant position.

   D. Within ninety (90) days of the entry of this Order, the Fund, through its Trustees, based upon consideration and recommendation of the Subcommittee and in accordance with the Manager and Consultant Selection Policy, shall select an independent search consultant with the skills and experience necessary to conduct a comprehensive, objective Request for Proposal ("RFP") process to identify potential candidates for the re-bidding of the general investment consultant position currently held by Graystone.

   E. No later than six (6) months from the date of entry of this Order, and following the procedures set forth in the Manager and Consultant Selection Policy, the independent search consultant hired under paragraph II.D of this Order, shall prepare an RFP for an investment consultant for the Fund and will identify candidates for the position. The candidates identified may include Graystone. At the conclusion of the RFP process, the search consultant shall make recommendations among the candidates and shall submit its recommendations to the Trustees.

   F. No later than December 31, 2016, the Fund, through its Trustees and in accordance with the procedures set forth in the Manager and Consultant Selection Policy,

5

shall select an investment consultant from the candidates identified and recommended by the search consultant to perform the services currently being provided by Graystone. In the event the Fund selects Graystone from among the candidates identified and recommended by the search consultant, the Fund will enter into a new contract with Graystone in accordance with the Manager and Consultant Selection Policy and section II.C of this Order.

      G.     Within thirty (30) days of the entry of this Order, the Fund, through its Trustees, shall amend the Fund's Code of Conduct and Ethics to add a new paragraph D.v to reflect an additional example of a generally-prohibited conflict:

> "v. Certain Hiring Decisions: Hiring the same person to act as both an investment consultant and an investment manager for the Fund."

      H.     Within thirty (30) days of the entry of this Order, the Fund, through its Trustees, shall amend the Fund's Record Retention Policy to include a document "hold" instruction to the Trustees and the Fund's staff, employees, contractors, attorneys, and consultants. That instruction shall direct all such affected persons to preserve for a period of six (6) years from the date of entry of this Order, all documents and electronically stored information relating to advice and recommendations received by the Trustees (including any drafts provided to the Trustees or any subcommittee thereof) that are in their possession at the time the instruction is issued or that come to be in their possession during the six-year period, relating to the hiring or firing of any investment consultant or investment manager. When the document "hold" referenced in this paragraph expires, said documents revert to coverage under the Fund's Record Retention Policy as amended by this Order.

      I.     Within thirty (30) days of the entry of this Order, the Fund, through its

Trustees, shall amend the Fund's "Record Retention Policy" to include a provision requiring the Trustee to record and maintain minutes of each Board of Trustees meeting or committee meeting at which a decision is made or discussions are had with respect to the selection, retention, or termination of an investment manager or investment consultant. The Trustees will further amend the Fund's "Record Retention Policy" to provide that such records will be treated as and maintained as "Board and Investment Committee Documents" under the Fund's "Record Retention Policy."

      J.      Within sixty (60) days of the entry of this Order, the Trustees will provide the Secretary with copies of the amended documents required by section II of this Order. Such proof will be sent to the Secretary's representative by delivering it to:

> Regional Director
> U.S. Department of Labor
> Employee Benefits Security Administration
> Philadelphia Regional Office
> 170 S Independence Mall West, Ste. 870 West
> Philadelphia, PA 19106-3317
> Tel: (215) 861-5300
> Fax: (215) 861-5347

with a duplicate delivered to:

> Associate Solicitor
> Plan Benefits Security Division
> U.S. Department of Labor
> 200 Constitution Ave., NW
> Room N-4611
> Washington, D.C. 20210
> Fax: (202) 693-5610

      Delivery shall be made by facsimile transmission or reliable overnight express courier service.

7

### III. MONETARY RELIEF

A.     Within thirty (30) days of entry of this Order, the Individual Defendants shall pay to the Fund $200,000.00 (two hundred thousand dollars), in settlement of this matter, plus an additional $40,000.00 (forty thousand dollars) to the United States Treasury in the time and manner provided by ERISA § 502(l), 29 U.S.C. § 1132(l), and the regulations thereunder. The Individual Defendants waive their rights to contest the 502(l) assessment, and the notice of assessment and service requirements of 29 C.F.R. § 2570.83 for all payments under this Order. The 502(l) payment shall be paid by forwarding a check or other instrument made payable to the United States and in the appropriate amount to:

<u>VIA Regular U.S. Mail Only</u>

U.S. Department of Labor
ERISA – Civil Penalties
P.O. Box 71360
Philadelphia, PA  19176-1360

B.     Within sixty (60) days of the final payment made under this Order, Defendants will provide proof of the payments above to the Secretary, in a form acceptable to the Secretary. Such proof may include copies of checks or other documents evidencing the payments made. Any proof provided under this paragraph will be sent to the Secretary's representative by delivering it to:

Regional Director
U.S. Department of Labor
Employee Benefits Security Administration
Philadelphia Regional Office
170 S Independence Mall West, Ste. 870 West
Philadelphia, PA 19106-3317
Tel:  (215) 861-5300
Fax: (215) 861-5347

with a duplicate delivered to:

8

Associate Solicitor
Plan Benefits Security Division
U.S. Department of Labor
200 Constitution Ave., NW Room N-4611
Washington, D.C.  20210
Fax:  (202) 693-5610

Delivery shall be made by facsimile transmission or reliable overnight express courier service.

## IV.  RELEASES

A.    The Secretary hereby waives, releases and forever discharges any and all claims that were or could have been brought against each Defendant, including their attorneys, employees or representatives or insurers, relating to the allegations in the Complaint through the date of the filing of the Complaint.

B.    All Defendants expressly waive any and all claims of whatsoever nature which they, jointly or severally, have or may have against the Secretary, or any of his officers, agents, employees, or representatives, in both their governmental and individual capacities, arising out of or in connection with this civil action, or any other proceedings and investigations incident thereto, including but not limited to claims under the Equal Access to Justice Act, as amended.

C.    Each party to this Order shall bear its own costs, expenses, and attorney's fees in connection with this action and any investigations incident thereto.

D.    This Order represents a full, final, and complete judicial resolution of all claims between the Secretary and all Defendants contained in this action and claims under ERISA § 502(l), 29 U.S.C. § 1132(l) related to this action.

E.    This Order is not binding on any governmental agency other than the United States Department of Labor.

F.    By signing this Order, each Defendant represents that, after having read this Order, they understand it, agree to it, and agree to comply with it.

## V.  RETENTION OF JURISDICTION

This Court shall retain jurisdiction over the parties and subject matter of this action for the purpose of enforcing the terms of this Order.

## VI.  MULTIPLE ORIGINALS

This Order may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

## VII.  ENTRY OF JUDGMENT

The Court finds that there is no just reason to delay the entry of this Order and, pursuant to Rule 54(b), Fed. R. Civ. P., expressly directs the entry thereof as a final Order.

**IT IS SO ORDERED**.

Dated: July 15 , 2016

HONORABLE REGGIE B. WALTON
UNITED STATES DISTRICT COURT JUDGE

10

**The undersigned hereby consent to the entry of this Order:**

**FOR THE SECRETARY OF LABOR:**

M. Patricia Smith
Solicitor of Labor

G. WILLIAM SCOTT
Associate Solicitor of Labor
Plan Benefits Security Division

Date: July 11, 2016

WAYNE R. BERRY
Senior Trial Attorney, DC Bar # 429661
ERIC C. LUND, DC Bar # 450982
EIRIK J. CHEVERUD, NY Bar # 4998563
Trial Attorneys
U.S. Department of Labor
P.O. Box 1914
Washington, D.C. 20013
berry.wayne@dol.gov
lund.eric@dol.gov
cheverud.eirik@dol.gov
(202) 693-5600

**FOR THE INDIVIDUAL DEFENDANTS:**

_____  Date: 7/5/2016
ROBERT N. ROACH, JR

_____  Date: _____
WARREN L. MART

_____  Date: _____
BURTON C. TREBOUR

_____  Date: _____
ALFRED C. NELSON

_____  Date: _____
LYNN D. TUCKER, JR.

_____  Date: _____
PHILIP J. GRUBER

_____  Date: _____
GARY R. ALLEN

_____  Date: _____
ROBERT G. MARTINEZ, JR.

_____  Date: _____
THOMAS W. CONNERY

12

**FOR THE INDIVIDUAL DEFENDANTS:**

_____   Date: _____
ROBERT L. ROACH, JR

_____   Date: _7 - 7 - 16_
WARREN L. MART

_____   Date: _____
BURTON C. TREBOUR

_____   Date: _____
ALFRED C. NELSON

_____   Date: _____
LYNN D. TUCKER, JR.

_____   Date: _____
PHILIP J. GRUBER

_____   Date: _____
GARY R. ALLEN

_____   Date: _____
ROBERT G. MARTINEZ, JR.

_____   Date: _____
THOMAS W. CONNERY

**FOR THE INDIVIDUAL DEFENDANTS:**

_____ Date: _____
ROBERT L. ROACH, JR

_____ Date: _____
WARREN L. MART

_____ Date: July 2, 2016
BURTON C. TREBOUR

_____ Date: _____
ALFRED C. NELSON

_____ Date: _____
LYNN D. TUCKER, JR.

_____ Date: _____
PHILIP J. GRUBER

_____ Date: _____
GARY R. ALLEN

_____ Date: _____
ROBERT G. MARTINEZ, JR.

_____ Date: _____
THOMAS W. CONNERY

12

**FOR THE INDIVIDUAL DEFENDANTS:**

_____     Date: _____
ROBERT L. ROACH, JR

_____     Date: _____
WARREN L. MART

_____     Date: _____
BURTON C. TREBOUR

_____     Date: __7/1/16_____
ALFRED C. NELSON

_____     Date: _____
LYNN D. TUCKER, JR.

_____     Date: _____
PHILIP J. GRUBER

_____     Date: _____
GARY R. ALLEN

_____     Date: _____
ROBERT G. MARTINEZ, JR.

_____     Date: _____
THOMAS W. CONNERY

12

**FOR THE INDIVIDUAL DEFENDANTS:**                                    JUL ⁊ 2016

_____     Date: _____
ROBERT L. ROACH, JR


_____     Date: _____
WARREN L. MART


_____     Date: _____
BURTON C. TREBOUR


_____     Date: _____
ALFRED C. NELSON


_____     Date: 7-1-16
LYNN D. TUCKER, JR.


_____     Date: _____
PHILIP J. GRUBER


_____     Date: _____
GARY R. ALLEN


_____     Date: _____
ROBERT G. MARTINEZ, JR.


_____     Date: _____
THOMAS W. CONNERY


12

**FOR THE INDIVIDUAL DEFENDANTS:**

_____   Date: _____
ROBERT L. ROACH, JR

_____   Date: _____
WARREN L. MART

_____   Date: _____
BURTON C. TREBOUR

_____   Date: _____
ALFRED C. NELSON

_____   Date: _____
LYNN D. TUCKER, JR.

_____   Date: _7 - 6 - 16_
PHILIP J. GRUBER

_____   Date: _____
GARY R. ALLEN

_____   Date: _____
ROBERT G. MARTINEZ, JR.

_____   Date: _____
THOMAS W. CONNERY

12

**FOR THE INDIVIDUAL DEFENDANTS:**

_____   Date: _____
ROBERT L. ROACH, JR

_____   Date: _____
WARREN L. MART

_____   Date: _____
BURTON C. TREBOUR

_____   Date: _____
ALFRED C. NELSON

_____   Date: _____
LYNN D. TUCKER, JR.

_____   Date: _____
PHILIP J. GRUBER

_____   Date: 7-5-16
GARY R. ALLEN

_____   Date: _____
ROBERT G. MARTINEZ, JR.

_____   Date: _____
THOMAS W. CONNERY

12

**FOR THE INDIVIDUAL DEFENDANTS:**

_____ Date: _____
ROBERT L. ROACH, JR

_____ Date: _____
WARREN L. MART

_____ Date: _____
BURTON C. TREBOUR

_____ Date: _____
ALFRED C. NELSON

_____ Date: _____
LYNN D. TUCKER, JR.

_____ Date: _____
PHILIP J. GRUBER

_____ Date: _____
GARY R. ALLEN

_____ Date: _____6-30-16_____
ROBERT G. MARTINEZ, JR.

_____ Date: _____
THOMAS W. CONNERY

12

**FOR THE INDIVIDUAL DEFENDANTS:**

| | Date: |
|---|---|
| ROBERT L. ROACH, JR | |

| | Date: |
|---|---|
| WARREN L. MART | |

| | Date: |
|---|---|
| BURTON C. TREBOUR | |

| | Date: |
|---|---|
| ALFRED C. NELSON | |

| | Date: |
|---|---|
| LYNN D. TUCKER, JR. | |

| | Date: |
|---|---|
| PHILIP J. GRUBER | |

| | Date: |
|---|---|
| GARY R. ALLEN | |

Date: _____

ROBERT G. MARTINEZ, JR.

THOMAS W. CONNER          Date: 6/30/16

12

FOR DEFENDANT THE NATIONAL PENSION PLAN A/K/A THE I.A.M.
NATIONAL PENSION FUND:

_____     Date: 30 June 2016
HENRY E. EICKELBERG
Board Co-Chairman

_____     Date: _____
PHILLIP J. GRUBER
Board Co-Chairman

13

FOR DEFENDANT THE NATIONAL PENSION PLAN A/K/A THE I.A.M.
NATIONAL PENSION FUND:


_____   Date: _____
HENRY C. EICKELBERG
Board Co-Chairman


_____   Date:   7-6-16
PHILIP J. GRUBER
Board Co-Chairman

**FOR THE CURRENT BOARD OF TRUSTEES OF THE
I.A.M. NATIONAL PENSION FUND, SOLELY FOR
PURPOSES OF ACCORDING COMPLETE RELIEF:**

_____  Date: _30 June 2016_
HENRY C. EICKELBERG
Board Co-Chairman
Employer Trustee


_____  Date: _____
PHILLIP J. GRUBER
Board Co-Chairman
Union Trustee


_____  Date: _____
THOMAS W. CONNERY
Employer Trustee


_____  Date: _____
BRIAN BRYANT
Union Trustee


_____  Date: _____
STEVEN P. JONES
Employer Trustee


_____  Date: _____
GARY R. ALLEN
Union Trustee


_____  Date: _____
SAMANTHA ("Sam") J. MARNICK
Employer Trustee


14

FOR THE CURRENT BOARD OF TRUSTEES OF THE
I.A.M. NATIONAL PENSION FUND, SOLELY FOR
PURPOSES OF ACCORDING COMPLETE RELIEF:


_____  Date: _____
HENRY C. EICKELBERG
Board Co-Chairman
Employer Trustee


_____  Date: _7 - 6 - 16_
PHILIP J. GRUBER
Board Co-Chairman
Union Trustee


_____  Date: _____
THOMAS W. CONNERY
Employer Trustee


_____  Date: _____
BRIAN BRYANT
Union Trustee


_____  Date: _____
STEVEN P. JONES
Employer Trustee


_____  Date: _____
GARY R. ALLEN
Union Trustee


_____  Date: _____
SAMANTHA ("Sam") J. MARNICK
Employer Trustee


14

**FOR THE CURRENT BOARD OF TRUSTEES OF THE
I.A.M. NATIONAL PENSION FUND, SOLELY FOR
PURPOSES OF ACCORDING COMPLETE RELIEF:**

_____     Date: _____
HENRY C. EICKELBERG
Board Co-Chairman
Employer Trustee


_____     Date: _____
PHILLIP J. GRUBER
Board Co-Chairman
Union Trustee

_____     Date: _6/30/16_____
THOMAS W. CONNERY
Employer Trustee


_____     Date: _____
BRIAN BRYANT
Union Trustee


_____     Date: _____
STEVEN P. JONES
Employer Trustee


_____     Date: _____
GARY R. ALLEN
Union Trustee


_____     Date: _____
SAMANTHA ("Sam") J. MARNICK
Employer Trustee


14

**FOR THE CURRENT BOARD OF TRUSTEES OF THE
I.A.M. NATIONAL PENSION FUND, SOLELY FOR
PURPOSES OF ACCORDING COMPLETE RELIEF:**

_____   Date: _____
HENRY C. EICKELBERG
Board Co-Chairman
Employer Trustee


_____   Date: _____
PHILLIP J. GRUBER
Board Co-Chairman
Union Trustee


_____   Date: _____
THOMAS W. CONNERY
Employer Trustee


_____   Date: 6/30/16
BRIAN BRYANT
Union Trustee


_____   Date: _____
STEVEN P. JONES
Employer Trustee


_____   Date: _____
GARY R. ALLEN
Union Trustee


_____   Date: _____
SAMANTHA ("Sam") J. MARNICK
Employer Trustee


14

FOR THE CURRENT BOARD OF TRUSTEES OF THE
I.A.M. NATIONAL PENSION FUND, SOLELY FOR
PURPOSES OF ACCORDING COMPLETE RELIEF:


_____   Date: _____
HENRY C. EICKELBERG
Board Co-Chairman
Employer Trustee


_____   Date: _____
PHILLIP J. GRUBER
Board Co-Chairman
Union Trustee


_____   Date: _____
THOMAS W. CONNERY
Employer Trustee


_____   Date: _____
BRIAN BRYANT
Union Trustee


_____   Date: 1 JULY 2016
STEVEN P. JONES
Employer Trustee


_____   Date: _____
GARY R. ALLEN
Union Trustee


_____   Date: _____
SAMANTHA ("Sam") J. MARNICK
Employer Trustee

**FOR THE CURRENT BOARD OF TRUSTEES OF THE
I.A.M. NATIONAL PENSION FUND, SOLELY FOR
PURPOSES OF ACCORDING COMPLETE RELIEF:**

_____   Date: _____
HENRY C. EICKELBERG
Board Co-Chairman
Employer Trustee

_____   Date: _____
PHILLIP J. GRUBER
Board Co-Chairman
Union Trustee

_____   Date: _____
THOMAS W. CONNERY
Employer Trustee

_____   Date: _____
BRIAN BRYANT
Union Trustee

_____   Date: _____
STEVEN P. JONES
Employer Trustee

_____   Date: 7 - 5 - 16
GARY R. ALLEN
Union Trustee

_____   Date: _____
SAMANTHA ("Sam") J. MARNICK
Employer Trustee

14

FOR THE CURRENT BOARD OF TRUSTEES OF THE
I.A.M. NATIONAL PENSION FUND, SOLELY FOR
PURPOSES OF ACCORDING COMPLETE RELIEF:


_____     Date: _____
HENRY C. EICKELBERG
Board Co-Chairman
Employer Trustee


_____     Date: _____
PHILLIP J. GRUBER
Board Co-Chairman
Union Trustee


_____     Date: _____
THOMAS W. CONNERY
Employer Trustee


_____     Date: _____
BRIAN BRYANT
Union Trustee


_____     Date: _____
STEVEN P. JONES
Employer Trustee


_____     Date: _____
GARY R. ALLEN
Union Trustee


_____     Date: __6/ 30 / 2016.__
SAMANTHA ("Sam") J. MARNICK
Employer Trustee

_Sito Pantoja_    Date: _7-6-16_
SITO PANTOJA
Union Trustee


_____    Date: _____
DAVID LEIB
Employer Trustee


_____    Date: _____
JAMES CONIGLIARO
Union Trustee

15

_____   Date: _____
SITO PANTOJA
Union Trustee

_____   Date: June 30, 2016
DAVID LEIB
Employer Trustee

_____   Date: _____
JAMES CONIGLIARO
Union Trustee

15

_____     Date: _____
SITO PANTOJA
Union Trustee


_____     Date: _____
DAVID LEIB
Employer Trustee


_____     Date: _____7- 1- 16_____
JAMES CONIGLIARO
Union Trustee

15

Exhibit A

IAM National Pension Fund

Investment Manager and Investment Consultant Selection Policy

[DATE]

### Introduction

The Trustees of the IAM National Pension Fund have adopted a detailed Investment Policy Statement. The Investment Policy Statement sets Fund-wide asset allocations and explicitly establishes the objectives and constraints governing the overall investment of the Fund.

The Fund and its Trustees will use a competitive, commercially reasonable process when hiring investment managers and investment consultants. The process described below will be used for all investment consultant and investment manager selections, regardless of the Pension Fund's experience or familiarity with any investment consultant or investment manager.

This document outlines the Pension Fund's policy for selecting investment managers and investment consultants.

### I.   DEFINITIONS

a.      ERISA shall mean the Employee Retirement Income Security Act of 1974, any amendments thereto, and any regulations issued pertaining to the Act.

b.      Fiduciary shall have the meaning as stated in ERISA § 3(21)(A).

c.      Investment Consultant shall mean any individual or organization retained by the Fund to provide investment advisory services, including advice on investment objectives and/or asset allocation, manager searches, investment monitoring, and performance reporting. An Investment Consultant may or may not be a Fiduciary under ERISA § 3(21)(A).

d.      Investment Manager shall have the meaning as stated in ERISA § 3(38).

e.      Trustees shall mean the members of the Board of Trustees appointed to administer the Fund pursuant to Article IV of the Fund's Agreement and Declaration of Trust ("Trust Agreement").

### II.   RESPONSIBILITIES IN SELECTING INVESTMENT MANAGERS AND INVESTMENT CONSULTANTS

The Trustees are responsible for selecting Investment Managers and Investment Consultants for the Pension Fund. Investment Managers and Investment Consultants will be hired to fill specific roles within the Fund's long-term investment strategy. Notwithstanding Section III below, (i) no Investment Manager's or Investment Consultant's contract shall have a term (including extensions, if any) greater than five years, and (ii) at least every five years, each Investment Manager and Investment Consultant hired by the Fund shall be subjected to a new competitive hiring process and the Investment Manager and Investment Consultant positions will be re-bid.

There are three steps involved in selecting an Investment Manager or Investment Consultant for the Fund:  defining a role, conducting a search, and selecting a manager or consultant.

Various parties are responsible for each step in the three-step process, as set forth below.

### A. Defining a Role

Investment Managers will be hired to fulfill a new role for the Pension Fund or to replace an existing manager or managers. In both cases, the Trustees intend to hire Investment Managers that fulfill a specific role within the Fund's long-term investment strategy. That role ordinarily will be set forth in a written agreement with each Investment Manager. Similarly, the role of each of the Pension Fund's Investment Consultants ordinarily will be set forth in a written agreement with the consultant.

The decision to implement a search for a new Investment Manager or Investment Consultant, or to replace an existing Investment Manager or Investment Consultant, is one made by the Trustees, and may be based on input or recommendations from Fund staff or professionals, including the Fund's current Investment Consultants. The Trustees will make a written record which fully documents any input, communication or information received regarding the decision to implement a search for an Investment Manager or Investment Consultant.

### B. Conduct a Search

The Trustees ordinarily will engage a qualified independent search consultant (or consultants) to assist them in searching for Investment Manager and Investment Consultant candidates. The qualified independent search consultant will be hired using the same process and criteria as is used to hire the Fund's Investment Managers and Investment Consultants. The specific role and responsibilities of the qualified independent search consultant ordinarily will be set forth in a written agreement with that consultant. The Trustees will require that qualified independent search consultants disclose any potential conflicts of interest to the Trustees before conducting a search for an Investment Manager or Investment Consultant.

Once a search is completed, the consultant is expected to provide the Trustees with a list of recommendations. Such documentation is to be considered a "Fund Record" subject to the Fund's Record Retention Policy.

### C. Select an Investment Manager or Consultant

The Trustees are responsible for selecting Investment Managers and Investment Consultants. The selection of Investment Managers and Investment Consultants will be based on the input, information and documentation gathered during the selection process (including the qualified independent search consultant's input, information and responses gathered during in-person selection interviews, reference checks, etc.), as well as all other information the Trustees received from any source relating to the decision before them (e.g., capabilities of the Pension Fund staff, strategic direction of the Fund, relevant experience with the various individuals and organizations under consideration, etc.). The selection of Investment Managers and Investment

Consultants will be based on the input, information and documentation gathered during the selection process, including the recommendation from the qualified independent search consultant.

Minutes memorializing the Trustees' selection decisions (including the reasons and rationale for the selection decisions), Investment Manager and/or Investment Consultant written submissions received during the search process and written agreements with Investment Managers and Investment Consultants, are considered "Fund Records" subject to the Fund's Record Retention Policy.

## III.   DEPARTURE FROM THREE-PART PROCESS

As a general matter, the Trustees shall use the three-part process outlined in Section I of this Policy when selecting Investment Managers and Investment Consultants, regardless of the Trustees' experience or familiarity with any Investment Manager or Investment Consultant. If the Trustees choose to depart from this standard process, the Trustees shall create a comprehensive record documenting their reasons and rationale for departing from that process, including an explanation of why the departure is prudent under the circumstances and in the best interests of the participants and beneficiaries.

In addition, if the Trustees choose to depart from the qualified independent search consultant's list of qualified Investment Manager and/or Investment Consultant candidates, the Trustees shall create a comprehensive record documenting their reasons and rationale for departing from the qualified independent search consultant's list, including an explanation of why the departure is prudent under the circumstances and in the best interests of the participants and beneficiaries.

The Trustees shall document the above in Board meeting minutes, and such minutes are considered "Fund Records" subject to the Fund's Record Retention Policy, and will be maintained for a period of at least six-years from the date upon which the Investment Manager or Investment Consultant is hired.

## IV.   CHANGES TO INVESTMENT MANAGER SELECTION POLICY

This policy statement may be amended from time to time, and may be terminated by action of the Board of Trustees.